UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NATASHA SCOTT,

    Plaintiff,

v.                                                                                    **No. 4:26-cv-00155-P-BP**

EXPERIAN INFORMATION
SOLUTIONS INC.,

    Defendant.

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On February 12, 2026, *pro se* Plaintiff Natasha Scott filed a complaint against Experian Information Solutions Inc. ECF No. 1. On February 13, 2026, the Court ordered Scott to file an amended pleading entitled "Plaintiff's First Amended Complaint" in compliance with the pleading requirements of Federal Rule of Civil Procedure 8(a) and the Local Civil Rules by March 6, 2026. ECF No. 7 at 1. She did not do so. On March 17, 2026, the Court again ordered Scott to file an amended pleading entitled "Plaintiff's First Amended Complaint" by March 31, 2026. ECF No. 9. In both orders, the Court warned Scott that failure to comply with the orders may result in a recommendation that the Court dismiss Plaintiff's case without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute the case or to obey court orders. As of today, Scott has not filed an amended complaint and therefore has not complied with either of the Court's orders.

Rule 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). To date, Plaintiff has not complied with the Court's orders, sought an extension of time to do so, or otherwise attempted to prosecute her case.

Accordingly, this case is subject to dismissal for failure to comply with a court order and for lack of prosecution under Rule 41(b). The undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DISMISS** Scott's case without prejudice for failure to prosecute and failure to comply with the Court's orders under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

2

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district 6 court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

      **SIGNED** on April 6, 2026.

                                          Hal R. Ray, Jr.
                                          UNITED STATES MAGISTRATE JUDGE